UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ANDERSON,<br><br>                Plaintiff,<br>   v.<br><br>CHARLES WARNER, individually and in his official capacity; COUNTY OF MENDOCINO, a public entity; and COUNTY OF MENDOCINO SHERIFF'S DEPARTMENT, a public entity,<br><br>                Defendants.<br>_____/ | No. C 01-03471 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Plaintiff's Motion to Amend Complaint** |

       Plaintiff Thomas Anderson ("plaintiff" or "Anderson") brought this action against defendant Charles Warner and defendants County of Mendocino and County of Mendocino Sheriff's Department (collectively "County") asserting violations his federal civil rights and various state law torts. On February 10, 2004, the court granted defendants' motion for summary judgment and entered judgment in favor of defendants on plaintiff's claim under 42 U.S.C. section 1983 ("section 1983"), against Warner and the County. The Ninth Circuit reversed as to Warner. Plaintiff now seeks leave to amend his complaint in order to bring state law claims against the County. After having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND

I.   Factual Background

The factual background of this action is set forth in this court's order on defendants' motion for summary judgment, Docket Entry 42 (hereinafter "Summary Judgment Order"). The basic facts of this case are as follows. On the morning of July 30, 2001, while Anderson and Warner, a county correctional officer, were driving in the vicinity of a gathering parade, they were involved in a traffic accident in which Anderson rear-ended Warner's truck. Warner subsequently approached Anderson's vehicle and punched Anderson in the neck and/or face. During the altercation, a female witness yelled that Warner was a police officer. Anderson claims that Warner additionally told onlookers that he was a "cop" and that they should not interfere. After the altercation, Anderson claims that Warner told him not to say anything about the incident to the police. Warner adamantly disputes Anderson's allegations. Warner was not arrested on the day of the incident, and was not subjected to any disciplinary action arising out of the incident.

II.  Procedural History

Anderson filed this action on September 13, 2001 against Warner and the County. Anderson's complaint asserts a cause of action under section 1983 against Warner and the County, state law tort claims against Warner, and a negligent hiring, training and supervision claim against the County. On February 10, 2004 this court granted summary judgment in favor of Warner and the County on Anderson's section 1983 claims. The court held that Anderson had adduced insufficient evidence to show that Warner was acting under color of state law, and that Anderson had "provided no evidence that Warner's actions during the altercation were foreseeable so as to demonstrate that the County's inadequate training and supervision were the proximate cause of his injuries." Summary Judgment Order at 6–7. The court dismissed plaintiff's state law causes of action without prejudice pursuant to 28 U.S.C. section 1367(c)(3). Id. at 7.

2

1    Anderson appealed the court's summary judgment order. The Ninth Circuit reversed with
2 respect to Warner and affirmed with respect to the County. Anderson v. Warner, 451 F.3d 1063 (9th
3 Cir. 2006). Anderson therefore has no viable federal claim against the County.
4    Anderson now moves for leave to amend his complaint to add state law causes of action
5 against the County. Anderson's proposed amended complaint re-asserts the original tort claims
6 against Warner and negligent hiring, training and supervision claim against the County, and seeks to
7 add a cause of action against Warner and the County for violations of California Civil Code sections
8 52.1 and 52.3. Anderson acknowledges that, with respect to these additional causes of action, "the
9 facts are the same, the parties are the same, the conduct alleged is the same," and "[a]ll plaintiff
10 seeks to do is harmonize the defendants' conduct with state law causes of action following the Court
11 of Appeal's ruling." Mot. at 4. The County opposes Anderson's motion.

LEGAL STANDARD

   The Federal Rules of Civil Procedure provide that leave to amend be "freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"); Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc., 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) (Jensen, J.) ("[T]he court must be very liberal in granting leave to amend"); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment").

   Despite this liberal policy of amendment, leave will not be given where the district court has "a substantial reason to deny" the motion. J.W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.14[1] (3d ed. 1998) ("[D]istrict judge[s] should freely grant leave to amend when justice requires, absent a substantial reason to deny."). The court may decline to grant leave where there is

3

"any apparent or declared reason" for doing do. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981); see also Poling, 829 F.2d at 886. The enumerated factors are not of equal weight and delay alone is insufficient to deny leave to amend. Id. (citing Howey v. United States, 481 F.2d 1187 (9th Cir. 1973)). By the same token, "[p]rejudice to the opposing party is the most important factor." Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990). However, futility alone can justify the denial of a motion to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). The party opposing amendment bears the burden of showing why amendment should not be granted. See Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986).

DISCUSSION

The County argues that allowing Anderson to amend his complaint would be futile, that Anderson has engaged in undue delay before seeking to amend his complaint, and that allowing Anderson to amend would be prejudicial to the County.

I.   Futility

The County asserts that Anderson's proposed amended complaint is futile for three reasons. First, the County states that Anderson's claim for negligent hiring, training and supervision is futile because this court has previously determined that Anderson provided insufficient evidence that the County's training and supervision were the proximate cause of Anderson's injury. Second, the County asserts that Anderson's proposed amended complaint alleges no facts showing a violation of section 52.3. Finally, the County likewise claims that plaintiff's proposed amended complaint fails to allege sufficient facts showing a violation of section 52.1.

4

Anderson's negligent hiring, training and supervision claim alleges that "[a]s a proximate result of Defendants' negligence alleged above, WARNER severely battered Plaintiff, and abused and exceeded his authority as an officer of the COUNTY OF MENDOCINO SHERIFF'S DEPARTMENT, causing Plaintiff to fear his safety, and to suffer severe emotional distress as a result of his injuries." Proposed Amended Complaint ¶ 55. Because this court has previously held that Anderson had failed to adduce sufficient evidence showing proximate causation, Anderson's proposed negligent hiring, training and supervision claim fails as a matter of law and would be futile.

Turning to Anderson's statutory claims, California Civil Code section 52.1 provides a cause of action where a person interferes with the individual rights of another "by threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a). Although Anderson's complaint makes allegations of threats, intimidation or coercion related to Warner, the proposed amended complaint makes no such allegations related to the County. Accordingly, Anderson's section 52.1 claim against the County fails as a matter of law and amendment would be futile.

California Civil Code section 52.1 provides:

> No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California.

Cal Civ. Code § 52.3(a). Anderson's cause of action against the County based on section 52.3 is premised on the County's alleged failure to adequately and properly investigate the incident, and its failure to discipline Warner. Because this may constitute an unlawful pattern or practice of conduct designed to deprive Anderson of certain legal rights, amending the complaint to include this cause of action would not be futile.

II.     Undue Delay and Prejudice

Anderson seeks to file an amended complaint more then five years after filing his original complaint. By plaintiff's own admission, the underlying facts related to the new causes of action are

5

1  identical to those underlying plaintiff's original complaint.  In other words, all relevant facts were
2  known to plaintiff when he filed his original complaint more than five years ago.  "Relevant to
3  evaluating the delay issue is whether the moving party knew or should have known the facts and
4  theories raised by the amendment in the original pleading."  Jackson, 829 F.2d at 1388.  Anderson
5  offers no justification for this delay other than attempting to maintain the County as a defendant in
6  light of prior rulings by this court and the Ninth Circuit.  In fact, plaintiff goes so far as to argue that
7  his claim under California Civil Code section 52.3 is "like an easier version of Section 1983 . . . ."
8  Rep. Br. at 2.

Anderson further acknowledges that his state law claims are subject to different legal standards than a section 1983 claim.  The County therefore claims that it would be prejudiced if, after nearly six years of investigation and defense in this action, it were required to reinitiate its investigation based on the framework of the new state law causes of action.  In particular, Anderson now asserts a cause of action based specifically on the County's allegedly inadequate investigation and discipline of Warner.  Requiring the County to defend this claim would be manifestly prejudicial, particularly where all relevant facts have been known to Anderson since the inception of the lawsuit.

Because Anderson offers no valid reason for his delay in seeking amendment, and because the County would be prejudiced by having to respond to new legal theories at this late stage of the litigation, Anderson's motion must be denied on the basis of substantial prejudice brought about by undue delay.

CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to amend his complaint.

IT IS SO ORDERED.

Dated: August 29, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

6